

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Texas Unemployment Compensation Commission
Austin, Texas

Gentlemen:                    Opinion No. O-4667

Re: Payment of vacation salary to
employees of the Texas Employ-
ment Service, who have resign-
ed and entered private employ-
ment.

Your letter of June 18, 1942, referring to the pay-
ment of salary to former employees of the Texas Unemployment
Commission during their vacation period, has been given our
careful consideration.

You state that:

"By executive order of the President, the
personnel of the Texas State Employment Ser-
vice was transferred in its entirety to the
United States Employment Service, and was
given Civil Service status under the Federal
Government. At the time of such transfer, con-
templating a return of the Employment Service
and its employees to the Unemployment Commis-
sion at the end of the present war, the em-
ployees of this Commission so transferred were
put upon a status of 'leave without pay'. This
means that the Commission under the Merit Sys-
tem of Personnel Administration, which applies
to its personnel, may reinstate such transfer-
red employees when conditions permit.

"At the time of their transfer to the
United States Employment Service, those em-
ployees, under our Merit System of Personnel
Administration, had acquired certain credits
as to annual leave or vacation leave with pay."

        As we understand your letter, you now desire to
place those employees, especially those who have ceased to
work for the Federal Government, on your pay roll for a
sufficient length of time for said employees to draw their
salary for the vacation period, to which they would have
been entitled if they had continued in your employment.

        In 1941 the Legislature included in the General
Appropriation Bill an appropriation for your Department of
$150,000.00, and in connection with said specific appropria-
tion stated:

        "Salaries to be paid according to the
        classifications of the Social Security Board
        to employees selected and rated under the
        personnel plan in effect between the Social
        Security Board and the State agency. * * *
        Salaries of the employees of the Unemploy-
        ment Compensation Commission and members of
        the Commission shall be paid in accordance
        with the agreement made between the Commis-
        sion and the Social Security Board, but in
        no case shall such salaries be less than
        those authorized by the act creating the Un-
        employment Compensation Commission."

        Said provisions of the Appropriation Bill above
quoted do delegate to the Social Security Board and the mem-
bers of the Commission the authority to classify and rate
the personnel of this Commission. However, we call your at-
tention to the fact that the authorization provides that sal-
aries shall be paid according to the agreements made by the
named parties.

        In your letter you state the Social Security Board
now desires you to replace certain persons on your payroll
for a specified number of days, not for the purpose of per-
forming any actual service, but for the sole purpose of per-
mitting those persons who formerly were employed by you to
draw compensation or pay for their vacation period. In our
opinion, the provisions of the Appropriation Bill above
quoted, do not relax the legislative control over said State
agency except in the manner recited.

        There is attached to the General Appropriation Bill
of 1941 a number of "general provisions"; among these is sub-
section 9, which reads as follows:

"Vacation allowance. Department employees shall, without deduction in salary, receive not exceeding twelve days' vacation, exclusive of Sundays or legal holidays, on which State offices are closed for each State fiscal year. * * * Provided, that no employee for whom a salary is hereby appropriated shall receive compensation while on vacation unless he or she has been an employee of the department for not less than six calendar months preceding the vacation period."

In our opinion, you cannot now place the persons who were formerly in your employ, but who are now otherwise employed, upon your payroll, unless they are to and do actually render services to your Commission. You could not place anyone on the payroll simply for the purpose of allowing him to draw compensation for an earned vacation period prior to the time he ceased to be in your employ.

Our Opinion No. O-2814 is pertinent, we think, to the present situation here involved, and we enclose a copy of that opinion for your consideration.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Geo. W. Barcus_

Geo. W. Barcus
Assistant

GWB-MR

Enclosure

APPROVED JUL 14, 1942

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN